UNITED STATES of America,
Plaintiff—Appellee,

v.

Isabel GARCIA, aka Katty Garcia, Caty Garcia, Filomena Gomez, Gladys Esther Velazquez, Isabel G. Nolasco Defendant—Appellant.

No. 01–30382.

D.C. No. CR–01–00053–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Decided Jan. 29, 2003.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Isabel Garcia appeals her conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). She challenges the denial of her Motion to Suppress. We reverse the district court and remand.

The crux of this case is whether Officer Hill violated Garcia's Fourth Amendment rights when he told her to open her coat and he touched her waist area. The district court found that, at the moment Hill finished searching Garcia's luggage, a reasonable person in Garcia's position would have believed she was free to leave and to terminate the contact initiated by Hill; that Garcia in fact believed she was free to leave; and that her consenting to Hill's direction to open her coat was voluntary. Whether an encounter between a defendant and officers constitutes a seizure is a mixed question of law and fact that we review de novo. *See United States v. Cormier,* 220 F.3d 1103, 1110 (9th Cir.2000). A district court's determination of whether a defendant voluntarily consented to a search depends on the totality of the circumstances and is a question of fact that we review for clear error. *United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir. 2002).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We begin by reviewing the factual record specifically involving the period beginning when Hill was checking Garcia's luggage through his decision to take her to the police office in the airport and have a female officer pat her down. Hill testified: "Based on previous cases and experience out there, I suspected that–the possibility that she might be body-carrying drugs around ... or somewhere concealed in her clothing. So I, basically using gestures and also in English, I asked her if she would open her coat for me." Garcia's testimony was:

When he finished examining the bundles, that's when I told him, "I'm leaving," because I wanted to leave.

. . . .

He looked at my—at my abdomen. He said someone like to–something like open my jacket, but I didn't understand it quite clear. I opened my jacket somewhat, but not too much. He got desperate, and he reached towards my stomach, and I told him no. I drew back, I was. . . . And then he continued reaching out with his hand toward–towards my hip, and I kept saying, "No."

It is clear that this case poses difficulties because Hill spoke almost no Spanish and Garcia spoke almost no English. Much of his communication with her was by physical gesture. Garcia was surrounded by three police officers. She could not fully understand what was being said to her. She was told to open her coat. She did so, but not voluntarily, clearly protesting when Hill reached in to touch her.

The Supreme Court has explained that a person is "seized" only when, by means of physical force or a show of authority, his or her freedom of movement is restrained. *Terry v. Ohio*, 392 U.S. 1, 19 & n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The test is objective: " 'in view of all [of] the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *INS v. Delgado*, 466 U.S. 210, 215, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)). On the facts presented here and using this objective standard, it is not possible to conclude that Garcia believed that she was free to leave or that she voluntarily consented to open her coat. We hold that the district court's conclusion that her consent to this search was voluntary to be clear error. The evidence obtained in this search should have been suppressed. We reverse the conviction and remand to the district court for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**